# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| MORRIS C. JOHNSON | * | CIVIL ACTION NO. 07-0601 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney's Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) [doc. 25] filed by plaintiff Morris Johnson. The Commissioner opposes the motion, at least in part. (*See* Def. Resp. [doc. # 27]). For reasons assigned below, it is recommended that plaintiff's motion be GRANTED IN PART and DENIED IN PART.

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. In this case, following a successful appeal to the Fifth Circuit, plaintiff's counsel ultimately obtained a favorable judgment reversing and remanding this matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. §405(g). (July 6, 2009, Judgment [doc. # 24]). Thus, plaintiff qualifies as a prevailing party. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir.

1994).

The EAJA is a partial waiver of sovereign immunity, and thus must be strictly construed in the government's favor. *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir.1996) (citation omitted). "An award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, 2005 WL 2285403, *2 (5th Cir. Sept. 19, 2005) (unpubl.) (citation omitted). The district court's reasonableness determination under the EAJA parallels the procedure outlined in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983), for fees awarded under 42 U.S.C. § 1988. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320 (1990). Using this approach, the starting point for settling upon a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*. The product of this calculation is commonly referred to as the "lodestar" amount. *Farrar v. Hobby*, 506 U.S. 103, 118, 113 S.Ct. 566, 577 (1992).

Although "more than a mere 'rough guess' or initial approximation of the final award to [be] made,"[1] the lodestar amount is not per se dispositive. *See Hensley, supra*. After computing the lodestar amount, the court must determine whether it should be adjusted in light of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]

---

[1] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citation omitted).

[2] The 12 *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to properly perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

2

However, many of the *Johnson* considerations are subsumed within the initial calculation of the lodestar amount. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939.

I. **Calculating the Lodestar**

a) **Hours Reasonably Expended**

As the fee applicant, Johnson bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). Where documentation of hours proves inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. In addition, "[a]ttorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). Broad summaries of hours and work performed are insufficient to support a fee award. *Id*. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*).

Similarly, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. Counsel for the prevailing party is obliged to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . . . 'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" *Hensley, supra* (citation omitted).

In this case, plaintiff seeks an attorney fee award of $14,281.25 (114.25 hours of work at $125/hour) for work performed before the district court and before the court of appeals.

3

Specifically, counsel for plaintiff avers that he expended 53 hours prosecuting this matter at the district court level, and 61.25 hours for work before the Fifth Circuit. The Commissioner does not object to a reasonable award of attorney's fees, but contends that the amount of time claimed by plaintiff's counsel is excessive and unreasonable. The undersigned agrees.

A brief review of the court's CM/ECF system reveals that over the years, counsel for plaintiff has represented over 100 plaintiffs in social security appeals before this court. Due to counsel's considerable experience in this area of the law, he is clearly well-acquainted with the legal issues that frequently recur in social security disability appeals. The issues that counsel raised in this case were by no means novel or extraordinary. Indeed, one year earlier, plaintiff's counsel successfully advanced the same issue (waiver of counsel) that ultimately carried the case here. *See Pullam v. Social Security Administration*, Civil Action No. 06-1771 (W.D. La. [doc. # 8]).

Despite plaintiff's counsel's considerable experience, a brief sampling of his social security appeals reveals that he invariably logs between 36 and 44 hours for prosecuting a case that results in a favorable report and recommendation for his client. *See e.g.*, *Whitman v. Barnhart*, Civil Action No. 02-1470 (W.D. La. 11/17/2003) (36.25 hrs.); *Singleton v. Social Security Administration*, Civil Action No. 00-0633 (W.D. La. May 3, 2001) (44.75 hrs.).; *Breaux v. Barnhart*, Civil Action No. 04-1145 (W.D. La. Dec. 5, 2005) (40.25 hrs. reduced to 30); *Pullam v. Social Security Administration*, Civil Action No. 06-1771 (W.D. La. Mar. 31, 2009) (41.25 hrs.). Sometimes, the Commissioner opposes counsel's fee petition, *Breaux, supra*; sometimes, the Commissioner does not, *Langley v. Barnhart*, Civil Action Number 05-0019 (W.D. La. [doc. # 25]); *Pullam, supra*. Sometimes, the court reduces counsel's fee requests,

*Breaux, supra; Malbrough v. Barnhart*, Civil Action Number 01-0848 (W. D. La. [doc. # 16]); sometimes, it does not.

For purposes of comparison, the undersigned notes that other social security practitioners who regularly appear before this court achieve comparable results at the district court level while toiling at a decidedly more efficient pace. *See e.g., Johnson v. Astrue*, Civil Action Number 08-0054 (W.D. La. [doc. # 11]) (8.3 hrs. Atty. time; 16.3 hrs. paralegal time); *Jones v. Astrue*, Civil Action Number 07-0875 (W.D. La. [doc. # 11]) (~ 29 hrs.); *Reese v. Astrue*, Civil Action Number 06-1487 (W.D. La. [doc. # 18]) (19.9 hrs.). Similarly, other attorneys who have successfully appealed social security cases to the Fifth Circuit have done so at a fraction of the labor cost claimed by plaintiff's attorney. *See McQueen v. Apfel*, Civil Action Number 96-1535 (W.D. La. [doc. # 18]) (~ 37 hrs.); *Harper v. Barnhart*, Civil Action Number 02-0869 (W.D. La. [doc. # 21]) (~ 32 hrs.).

In this case, counsel's Itemization of Services Rendered ("Itemization") reveals that for purposes of his initial brief, he expended over five hours reviewing the transcript,[3] over six hours on research, over three hours on an outline, and over ten hours preparing his brief. (Itemization, Pl. Petition, [doc. # 25]). Counsel then spent over two hours on additional research and over five hours preparing a reply brief. *Id*. Following the unfavorable report and recommendation, counsel conducted over two hours of additional research, and spent over seven hours preparing his objections to the report. *Id*.[4]

---

[3] However, the transcript was a relatively modest 200 pages in length.

[4] Counsel's Itemization indicates that he bills in quarter hour increments. *Id*. However, the courts have deemed this practice excessive, and have found that it does not reasonably represent the number of hours worked. *See, Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615 (N.D.

Plaintiff's counsel further avers that he expended 61 1/4 hours on his work before the Fifth Circuit. (Itemization). He logged over 20 hours on research, over five hours on an outline, and over 30 hours preparing his brief – even though much of the work simply involved repackaging his previous briefs. *Id*.

In response to plaintiff's petition, the Commissioner contends that 40 hours is a reasonable number for counsel's work before the district court. The Commissioner further suggests that counsel's number of hours for work at the Fifth Circuit should be reduced to 20. For the reasons outlined above, (i.e., counsel's experience; failure to exercise billing judgment; no novel issues; comparison of hours claimed by other practitioners; paucity of detailed work descriptions; and use of 1/4 hour billing increments) the undersigned is compelled to agree that 40 represents a reasonable number of hours for counsel's efforts before the district court,[5] and finds that 35 constitutes the maximum reasonable number of hours for counsel's endeavors at the appellate level.[6] Thus, plaintiff's counsel reasonably expended a total of no more than 75 hours on the instant litigation.[7]

---

Tex. 2000); *Zucker v. Occidental Petroleum Corp.*, 968 F.Supp. 1396, 1403 (C.D. Cal. 1997), *affirmed*, 192 F.3d 1323 (9th Cir. 1999); and *Bowman v. Secretary of HHS*, 744 F.Supp. 898, 901 (E.D. Ark. 1989).

[5] Of this 40 hours, the undersigned finds that 9.25 hours is properly assigned to work performed prior to 2008, as this maintains the same ratio of pre-2008 to post-2007 hours claimed by plaintiff's counsel for his work at the district court level (12.25 hours to 40.75 hours).

[6] Counsel has previous experience with the Fifth Circuit's stringent procedural demands.

[7] The court's reduction in hours claimed by counsel is ameliorated by the *sua sponte* increase in the hourly rate requested by counsel. *See* discussion, *infra*.

### b) Reasonable Hourly Rate

The EAJA provides in relevant part that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

Recently, in *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $ 150 for attorney work performed in 2008 and beyond. *See, Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment). Plaintiff's counsel has requested an hourly rate of $ 125. However, it is apparent that counsel requested compensation at this rate principally, if not exclusively, because $ 125 was the maximum hourly rate previously allowed by this court. Accordingly, the court will implement a reasonable hourly rate of $ 150 for work

performed beginning in 2008. *Williams, supra*.

## II.     Reasonableness of the Lodestar Amount

Having determined the lodestar amount, the court must consider the remaining *Johnson* factors to determine if the amount should be adjusted. The court may not double count any *Johnson* factor taken into account in calculating the lodestar amount. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation. *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 565; *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22.

Neither side argues, nor does the instant record support an adjustment of the lodestar amount based on the remaining *Johnson* factors.

For the foregoing reasons,

IT IS RECOMMENDED that the Petition for Attorney's Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, [doc. # 25] filed by plaintiff Morris Johnson be GRANTED IN PART and DENIED IN PART, and that the Commissioner be ordered to pay attorney fees in the amount of $11,018.75 (9.25 hours at $125.00 per hour, plus 65.75 hours at $150.00 per hour) to plaintiff's attorney.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of October 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE